BEFORE THE SECOND DIVISION, JANUARY 11, 1943

**No. 47895.**—Protests 472637–G, etc., of John Zimmermann Co. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) the claim at 25 percent under paragraph 1504 (b) (5) was sustained.

**No. 47896.**—Protests 634738–G, etc., of Samuel Danzig (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) the claim at 25 percent under paragraph 1504 (b) (5) was sustained.

**No. 47897.**—Protests 508009–G, etc., of Olivier Straw Goods Corp. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664) the harvest hats in question imported prior to February 1, 1936, were held dutiable at 25 percent ad valorem under paragraph 1504 (b) (5), and those entered or withdrawn for consumption subsequent to said date were held dutiable at 12½ percent under paragraph 1504 (b) (5) and T. D. 48075.

**No. 47898.**—Protests 70584–K, etc., of D. H. Armaghanian et al. (New York).

Opinion by TILSON, J. It was stipulated that the merchandise in question is similar in all material respects to that the subject of *Armaghanian* v. *United States* (6 Cust. Ct. 150, C. D. 451) and *United States* v. *Armaghanian* (27 C. C. P. A. 170, C. A. D. 81). At the trial in the case at bar three witnesses testified for the plaintiff and two for the defendant, but the additional testimony was found not to change the factual situation from that in the two cases heretofore decided. Therefore, following the cases cited, certain of the merchandise in question was held dutiable at only 30 percent under paragraph 1205 and T. D. 48093, as silk bolting cloth, not specially provided for, as claimed.